**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMELIA ADKINS,**

**Plaintiff,**

**v.**

**ERIE INSURANCE COMPANY, *et al.*,**

**Defendants.**

**Case Number 2:24-cv-1568**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**ORDER**

This matter is before the Court on Defendants Erie Insurance Company, Erie Insurance Exchange, and Erie Insurance Property & Casualty Company's Motion to Bifurcate (ECF No. 57) and Supplemental Motion in Limine (ECF No. 58). Defendants ask the Court to bifurcate the trial of Plaintiff Amelia Adkins into two phases—the first on liability and compensatory damages and the second on punitive damages. (ECF No. 57, PageID 750.) Defendants also seek to prohibit Plaintiff from offering testimony or other evidence regarding Defendants'[1] financial records or income during the first phase of trial. (ECF No. 58, PageID 755–57.)

Plaintiff responded, indicating that she does not oppose bifurcation. (ECF No. 69, PageID 854.) As for evidence pertaining to Defendants' financial records or income, Plaintiff states that her primary purpose in introducing such evidence is for the second phase of trial, but she avers that it could also become relevant during the first phase. (ECF No. 71, PageID 877–78.)

[1] Defendants refer generally to "Erie's" financial records and income but do not specify which Defendant's financial records and income they seek to exclude or whether they refer to all Defendants collectively. Because the Motion was filed on behalf of all Defendants (ECF No. 58, PageID 755), the Court construes the Motion to refer to the financial records and income of all Defendants.

The Court agrees with the parties that bifurcation is appropriate. The Court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). It is the Court's general practice to bifurcate the issue of punitive damages from the liability and compensatory damages issues. *Retail Ventures v. Nat'l Union Fire Ins. Co.*, No. 2:06-cv-443, 2010 U.S. Dist. LEXIS 158628, at *4–5 (S.D. Ohio Apr. 8, 2010) (Watson, J.). The liability and compensatory damages issues will be addressed in the first phase of trial and the second phase, if any, will follow immediately thereafter and address punitive damages.

The Court further finds that testimony or other evidence regarding Defendants' financial records or income should be excluded from the first phase of the trial. Evidence of a defendant's financial condition is generally only relevant for the purpose of evaluating the award of punitive damages. *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) (Rice, J.). If Plaintiff believes that the financial records or income have become relevant during the first phase of trial, she may request a sidebar and raise the issue then.

For the reasons stated herein, the Court **GRANTS** (ECF No. 57) Defendants Erie Insurance Company, Erie Insurance Exchange, and Erie Insurance Property & Casualty Company's Motion to Bifurcate and **GRANTS** (ECF No. 58) Defendants Erie Insurance Company, Erie Insurance Exchange, and Erie Insurance Property & Casualty Company's Supplemental Motion in Limine. This case remains open.

**IT IS SO ORDERED.**

**10/19/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**